UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| RAMON A. PANIAGUA | CIVIL ACTION NO. 06-1347 |
| VS. | SECTION P |
| DANIEL STANFORD | JUDGE DOHERTY |
| | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Before the court is a *pro se* civil complaint filed *in forma pauperis* on August 9, 2006 by plaintiff, Ramon A. Paniagua. Paniagua is incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey where he is serving sentences totaling 228 months, imposed following his January 19, 2005 convictions for federal drug and firearm violations entered by this court under docket number 6:02-cr-60033, *United States of America v. Ramon A. Paniagua*. By this action, Paniagua seeks monetary damages for the alleged ineffective assistance of counsel he claims to have received from his retained criminal defense attorney, Daniel J. Stanford, in connection with his federal prosecution.

For the following reasons, the undersigned **RECOMMENDS** that this civil action be **DISMISSED WITH PREJUDICE** subject to reassertion if the requirements of *Heck v. Humphrey* are met.

## STATEMENT OF THE CASE

Plaintiff hired Stanford to represent him in connection with federal drug and firearm charges brought against him under this court's docket number 6:02-cr-60033, *United States of America v. Ramon A. Paniagua*. This court's records reflect that Paniagua pled guilty to three of

the four charges filed against him on January 19, 2005. On August 12, 2005, Paniagua was sentenced on those charges to a total of 228 months imprisonment. His convictions and sentences were recently affirmed by the United States Fifth Circuit Court of Appeals on September 18, 2006 when that court dismissed his appeal as frivolous. Thus, it appears that the one-year limitation period for filing a motion pursuant to 28 U.S.C. § 2255 has not expired.

By this civil action, Paniagua complains that Stanford rendered ineffective assistance of counsel when Stanford (1) induced Paniagua to plead guilty pursuant to a plea agreement, promising that Paniagua would receive a seven to nine year sentence; (2) failed to discuss the pre-sentence investigation report (PSI) with Paniagua prior to sentencing; (3) did not visit Paniagua while he was incarcerated at the regional jail; and (4) failed to pay a $300 special assessment imposed by the Court. Thus, Paniagua asserts that Stanford "failed to live up to his Sixth Amendment obligation." Moreover, Paniagua complains that "[i]f not for the inducements by Daniel Stanford" he would have gone to trial and ultimately received less time under the Guidelines, whether those guidelines were mandatory or merely advisory. Accordingly, Paniagua seeks monetary damages from Stanford for these alleged constitutional wrongs.

## LAW AND ANALYSIS

**Frivolity Review**

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under 28 U.S.C. § 1915 (e) (2) (B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915 (e) (2) (B) (i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998); *See also* 28 U.S.C.A. §1915A, 42 U.S.C.A.

§1997e(c). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory. *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998).

When determining whether a complaint is frivolous or states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

Plaintiff has filed a detailed complaint articulating all of the facts available in support of his claims. Based upon the allegations in plaintiff's pleadings, it is clear that plaintiff has pleaded his best case. Therefore, further amendment is unnecessary. Accepting all of plaintiff's allegations as true, and, giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that plaintiff's claims are premature and hence, do not state claims upon which relief may be granted. Thus, this action should be summarily dismissed.

*Heck v. Humphrey*

Paniagua seeks monetary damages from his criminal defense attorney for alleged unconstitutionally ineffective representation in connection with petitioner's federal criminal proceeding. It is well established that to recover damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of *habeas corpus* [under] 28 U.S.C. § 2254 ." *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* If judgment in favor of a civil rights plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff demonstrates that the conviction or sentence has already been invalidated. *Id.*

By suggesting that his guilty plea was not knowingly, voluntarily and intelligently entered as a result of counsel's alleged deficiencies and improper inducements, Paniagua directly challenges the validity of his guilty plea. Thus, Paniagua's claims would, if true, necessarily implicate the validity of his criminal convictions and sentences imposed by

4

this court. Paniagua does not allege, nor does the published jurisprudence establish, that Paniagua's convictions, or the sentences imposed, have been set aside. To the contrary, this court's records demonstrate the opposite. Accordingly, Paniagua's claims are barred by *Heck;* they are not cognizable under 42 U.S.C. § 1983 at this time. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir.1996) (claims for money damages based on contentions of ineffective assistance of counsel implicate *Heck*); *Switzer v. Burkes*, 115 Fed.Appx. 751 (5th Cir. 2004) (ineffective assistance of counsel claims imply the invalidity of conviction and are therefore barred by *Heck*); *Smith v. Gambrell*, 108 Fed.Appx. 218 (5th Cir. 2004) (same); *Kingery v. Hale*, 73 Fed.Appx. 755 (5th Cir. 2003(same); *Williams v. Eastland*, 54 Fed.Appx. 795 (5th Cir. 2002) (allegations of ineffective assistance, attorney malpractice and breach of contract barred by *Heck*); *See also Simmonds v. United States Court of Appeals, Fifth Circuit*, 178 Fed.Appx. 375 (5th Cir. 2006). These claims must be dismissed with prejudice for failure to state a cognizable claim. *Johnson*, 101 F.3d at 424 (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

### *Habeas Corpus* Relief

Moreover, to the extent that Paniagua's allegations may be construed as challenges to the fact or duration of his physical confinement, dismissal of this action would nevertheless be appropriate. Challenges to the fact or duration of physical confinement

must be pursued in federal court through application for writ of *habeas corpus*, or in the case of a federal conviction, through motion filed pursuant to 28 U.S.C. § 2255. *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Serio v. Members of the La. State Board of Pardons,* 821 F.2d 1112, 1117 (5th Cir. 1987); *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir.1997) and *Hooker v. Sivley*, 187 F.3d 680, 681 (5th Cir. 1999) (§ 2255 is the proper means of attacking errors that occurred during or before sentencing and for challenging the validity of a conviction and sentence). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of *habeas corpus*." *Muhammad v. Close,* 540 U.S. 749, 750, 124 S.Ct. 1303, 1304 (2004). Although this court could construe the instant complaint as a § 2255 motion after appropriate notice to Paniagua, the undersigned finds that it would be inequitable to do in the present case. *See Castro v. United States*, 540 U.S. 375 (2003). Rather, given that this court generally may entertain one such challenge, petitioner should be provided an opportunity to present all of his claims challenging his convictions and sentences in a timely filed single pleading. Moreover, given that the one year limitation period for filing a § 2255 motion does not appear to have expired as petitioner's direct appeal has only recently been determined[1], dismissal of this action without prejudice will in no way be inequitable. Thus, to the extent the instant action may be construed as *habeas corpus*

---

[1] The one-year limitation period generally runs from the date a federal conviction becomes final, that is, when the period for filing a petition for writ of *certiorari* in the United States Supreme Court challenging the appellate court's decision expires. 28 U.S.C. § 2255 ¶ 6 (1); *Clay v. United States*, 537 U.S. 522, 525, 123 S.Ct. 1072 (2003).

relief, the undersigned concludes that dismissal without prejudice is appropriate.

For the reasons set forth above;

**IT IS RECOMMENDED** that this civil action be **DISMISSED WITH PREJUDICE** subject to reassertion if the requirements of *Heck v. Humphrey* are met.

Under the provisions of 28 U.S.C. §636 (b)(1)(C) and Fed.R.Civ.Proc. 72 (b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6 (b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, November 6, 2006.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE